UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROZELL R. WOODSON, | ) | CASE NO. 4:05 CV2444 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CORRECTIONS OFFICER GURLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Rozell Woodson filed the above-captioned complaint against Trumbull Correctional Institution (TCI) and TCI employee Corrections Officer Gurly pursuant to 42 U.S.C. § 1983. Mr. Woodson is currently confined at Belmont Correctional Institution (BeCI) in St. Clairsville, Ohio. He seeks to assert a "class action" regarding his current confinement based on an incident for which he believes he was already punished.[1]

*Background*

In 1998, Mr. Woodson was imprisoned on a conviction for aggravated robbery. During his prison term, he served two years at BeCI and his remaining term at TCI. Upon his

---

[1] Although Mr. Woodson titles his complaint, "Cause of Class Action," he does not allege any facts that include any injured party other than himself.

arrival at TCI, Mr. Woodson claims he was intimidated by a fellow inmate. When the two engaged in an argument, plaintiff states that he was "taken to the hole for correction." While in the hole, Mr. Woodson claims he was assaulted by several staff members, including Officer Gurly. After this alleged assault, plaintiff maintains that prison officials "reversed his statement" and accused him of throwing urine and spittle on Officer Gurly. Mr. Woodson states that he approached the "proper authorities" at the prison to assert his version of the facts, but there is no indication that he filed a written grievance. It is also not clear when this incident occurred, but Mr. Woodson states he was released from his prison term for aggravated robbery in April 2004.

"[T]wo to three months" after his release from prison Mr. Woodson was approached at his residence and charged with assaulting a commanding officer while he was incarcerated at TCI. He states the charges were subsequently "dropped to a harassment of an inmate." (Compl. at 5.)

In his complaint before this court, Mr. Woodson argues that he was never taken to an outside court to face any charges, even though he was punished but not charged by the Infractions Board while he was confined at TCI.[2] He asserts that the 8 months he spent in the hole, where he was allegedly beaten and starved, should have been sufficient punishment for any infraction. Mr. Woodson maintains that if the defendants sought to charge him with a crime "[t]hey must assemble there in a proper time fashion that's allowed [and] they failed to do so." (Compl. at 11.) He adds that "[i]f they had deemed to place yet another punishment on me they

---

[2]This directly contradicts an earlier statement in the complaint wherein he states "charges were file [sic] against me while in state custody but I should have been sent to outside court of Trumble [sic] County within 30 days after these charges against me were file [sic] by Trumble [sic] prison, but they did take me to Court, also a violation of my Constitutional rights" (Compl. at 6.)

had 30 days to take me to outside Court but their time ran out 8 months had elaps [sic] causing a double Jeopardy Clause. The infraction Board decided to secretly indict me on a harassment of a [sic] inmate in Trumble [sic] Court in front of Judge Steward of Common Pleas. But by law I was already judge [sic] by the prison rules." (Compl. at 11.) He does not set forth any statement requesting what relief he seeks from this court.

*State Prisoner*
*Custody Challenge*

Before addressing the merits of the complaint, the court must first address whether this claim can be brought in a civil action pursuant to 42 U.S.C. § 1983 or whether it can only be raised in a petition pursuant to 28 U.S.C. § 2241. "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). As the Preiser court explained:

> [O]ver the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction.... Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional ...; that he has been imprisoned prior to trial on account of a defective indictment against him ...; that he is unlawfully confined in the wrong institution ...; that he was denied his constitutional rights at trial ...; that his guilty plea was invalid ...; that he is being unlawfully detained by the Executive or the military ...; or that his parole was unlawfully revoked, causing him to be reincarcerated in prison ...-- in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement.

Id. at 485-86 (citations omitted). Although the demarcation between a habeas petition and an action pursuant to 42 U.S.C. § 1983 may be blurred in some cases, this case does not approach that line. As the Seventh Circuit explained:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.... State prisoners who want to raise a constitutional challenge to any other decision, such as a transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions-when the decision may be challenged at all

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir.2000) (per curiam)(citations omitted). Here, the facts outlined in the complaint before this court consistently challenge the "fact of custody." Mr. Woodson believes he has already been punished for the infraction for which he has been reincarcerated. Thus, his sole federal remedy is a writ of habeas corpus. See Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984).

Based on the foregoing, the complaint is DISMISSED without prejudice to Mr. Woodson's right to assert this claim in an exhausted petition for writ of habeas corpus.

IT IS SO ORDERED.


Dated: January 20, 2005                    *s/     James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT COURT

4